The opinion of the court was delivered by
Bermxtdez, C. J.
This is an application for a mandamus to compel the hearing and determining of a ease by the defendant.
The relators complain that they are detained in custody and restrained of their liberty without benefit of bail, on a complaint against them before the recorder, on oath, as accessories before and after the .fact to the murder of one Hennessey.
That their case was fixed for examination for the 28th of October past, but was there continued, without day, at the request of the District Attorney.
That, on the 7th of November following, the relators through counsel, moved to have their case fixed, heard and acted upon, but that the recorder declined to appoint a day.
That, under the Constitution and the laws, they are entitled to a speedy trial, and to have said case fixed, heard and determined.
They therefore pray that said recorder be commanded to fix, heax and dispose of said case according to law.
The return adznits the averments of fact, and sets forth that the re *1093 spondent acted as charged for the reason that it was to his personal knowledge that the grand jury was investigating the matter.
In justification for this refusal it is contended that a preliminary examination before a committing magistrate is not a prerequisite to a prosecution for crime, and that, except by force of some statutory provision not found generally in our States, the preliminary examination is unnecessary.
It is also advanced that the grand jury, acting under the obligation of their oaths, must determine, as cases are presented, whether they will or not act upon them prior to an examination before a magistrate, and while such examination is pending, and that were it otherwise justice might be delayed and possibly defeated.
The legal propositions contended for by the District Attorney are well supported by authoritj''. They are not and can not be contested, but they have no bearing on the matter under consideration.
They would be applicable if there was no prosecution before the recorder, and if the accused had objected to the proceedings before the grand jury, but this they do not and can not do, because such prosecution exists and they do not thus object.
What the relators complain of is that the proceedings before the .grand jury are made to suspend those before the recorder, and they therefore claim that notwithstanding the fact that the jury may be investigating the charges against them, the recorder is bound to go on with the prosecution before him.
The relators claim that the recorder should so proceed, because of the provisions of Section 1010 of the Revised Statutes.
If that were the only legislation on the subject, the relators would not be entitled to relief, for the reason that under its very terms the investigation must be conducted by the District Judge; and not by the committing magistrate where he is nothing but a justice of the peace. See State ex rel. Stevens vs. Livaudais, Judge, 34 An. 52. This is so because justices of the peace, under Article 126 of the Constitution, have power to bail or discharge only in cases not .capital or necessarily punishable at hard labor.
In the case cited we said: “The sole object of a preliminary examination being to determine whether a party shall be discharged, bailed or held in custody, it would be absurd to have such examination held before a justice of the peace in cases in which those.magistrates would have no power to determine those questions.”
*1094 At all times the recorders of the city of New Orleans have been. considered as vested with powers more extensive than those conferred on justices of the peace clothed with criminal jurisdiction.
To place the subject beyond doubt, the Legislature in 1859, by Act 269, p. 210, specially provided that the several recorders for the city of New Orleans are authorized and required to take bail in all cases bailable under the Constitution and laws of the State.
The Act of 1868, No. 160, p. 205, which is Section 1010 of the Revised Statutes, and is a general statute, apparently designed to operate throughout the State, except in the city of New Orleans, did not propose to repeal the Act of 1859.
Act 95 of 1873 continued those powers in the police courts thereby created.
The Constitution of 1879 contains two articles, Nos. 126 and 136, bearing ón the subject. The former alludes to ordinary justices of the peace, as said in 34 An. 52; while the latter refers to police or magistrate’s courts, which the Legislature is authorized to provide for, and to vest with the jurisdiction of committing magistrates, free from the restrictions contained in Article 126.
Acting under that authority, the Legislature in 1882, gave a charter to the city of New Orleans, in which recorders, such as they had always existed, are recognized, and by which they are said to be vested with the jurisdiction of committing magistrates.
The custom has always been, in all cases, for the recorder to investigate the complaint, taking the testimony in writing, and almost invariably, except in palpably groundless accusations, to transmit the same to higher authority for further action. 5 An. 746.
It is clear that a complaint having been lodged and being pending before him, it is the duty of the recorder to proceed with the same as the law provides (Blackstone, Yol. 4, O. 22), unless the State prefers to discontinue it and leave the matter in the hands of the grand jury-
We therefore conclude that, as the proceedings before the grand jury do not have the effect of staying the prosecution before the recorder, it is his duty to proceed with the examination of the complaint.
While it is true that the refusal to find a true bill by the grand jury may put an end to the proceedings before the recorder, it is patent that whatever the action of the latter may be, it can not re *1095 lieve the grand jury of their bounden duty and deprive them of their superior right to investigate and act upon the charges against the accused, nor to divest them of their power over the accused.
As long as the grand jury has not discharged the accused, or the State has not discontinued the prosecution before the recorder, the accused have a right to demand that the latter shall proceed to examine their case. Otherwise, the rights of the accused may be imperiled or destroyed, and the ends of justice frustrated.
While ruling as we do, we are not to be understood as saying, that although the recorder be bound to proceed with the ease before him, he shall have no authority, after the case shall have been fixed for examination, on a proper showing, in the exercise of a sound legal discretion, to allow a continuance for any other valid cause.
The application for relief is well founded and, being authorized by law,(it must be allowed.
It is therefore ordered and decreed that the mandamus asked be made peremptory, and, accordingly, that the respondent do fix and proceed, within reasonable delay, with the case of the State vs. The Relators, pending before him, in conformity with usage and law.